**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

:

    Plaintiff,                              Case No. 3:00-cr-092 (08)
                                                 3:04-cv-281

:       District Judge Walter Herbert Rice
    -vs-                                Chief Magistrate Judge Michael R. Merz

JASON WALKER,

:

    Defendant.

---

**SUBSTITUTE REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT**

---

This case is before the Court on Defendant's Objections (Doc. No. 984) to the Magistrate Judge's Report and Recommendations (Doc. No. 983) on Defendant's Motion to Alter or Amend the Judgment (Doc. No. 982). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed. Noting that the prior Report was in error as to this Court's jurisdiction, the Magistrate Judge withdrew the original Report and now files this Substitute Report and Recommendations. Because the Motion is made post-judgment, the Magistrate Judge considers it under 28 U.S.C. § 636(b)(3).

**Reopening to Consider Pending Supreme Court Decision**

In the first branch of his Motion, Defendant asks that we reopen the judgment and stay the

"mandate" pending review by the United States Supreme Court of *Burton v. Waddington*, 142 Fed. Appx. 297, 2005 U.S. App. LEXIS 15497 (9th Cir. Wash., 2005), *cert. granted,* 126 S. Ct. 2352 (June 5, 2006)(The case is now referred to on the Supreme Court docket as *Burton v. Stewart*.)  A mandate is the final judgment of a federal court of appeals; what Mr. Walker intends is that this Court stay its own final judgment until it has time to consider what the Supreme Court decides (See Objections, Doc. No. 984, at 6).

The Supreme Court has granted *certiorari* in *Burton* to consider two questions: (1) Is the holding in *Blakely v. Washington*, 542 U.S. 296 (2004), a new rule or is it dictated by the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)? and (2) If *Blakely* is a new rule, does its requirement that facts resulting in an enhanced statutory maximum penalty be proved beyond a reasonable doubt apply retroactively?  This Court's determination would not be affected by whatever decision the Supreme Court renders in *Burton* because the Court has already decided that, given Defendant's agreement to a base offense level of 36 in his Plea Agreement (Doc. No. 389 at 2), his right to a jury trial on whatever affects the base offense level was not violated.  (Decision and Entry, Doc. No. 977, at 3).  Defendant emphasizes in his Objections that he did not agree to the amount of cocaine recommended as attributable to him in the Presentence Report (Objections, Doc. No. 984, at 4). However, the Plea Agreement, which contains the essential facts necessary to support the sentence imposed, was agreed to and never withdrawn.  Therefore the Motion should not be granted in order to stay judgment pending the decision in *Burton.*

**Individualized Conspiracy Findings**

In the second branch of his Motion, Defendant claims that this Court committed error in not making particularized findings with respect to drug amounts in this conspiracy case. As Defendant notes, this claim was raised in his original Motion to Vacate (See Doc. No. 914 at 3).  Here again, the

2

fatal flaw in Defendant's argument is his insistence that he objected to the Presentence Report and thereby imposed on the Court a duty to make individualized findings of drug amounts. Not so. Defendant did not just plead guilty to a base level offense, but agreed to the level 36 in his Plea Agreement which was never withdrawn or attempted to be withdrawn. As Justice Scalia made plain in *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), there is no Sixth Amendment violation when the facts which ground the enhanced sentence have been agreed to by the defendant. This claim is thus without merit.

### Failure to Construe Reply as Motion to Amend

In the third branch of his Motion, Defendant claims the Court erred in not construing his Reply to the Government's Response as a request to amend to add the claim that his counsel was ineffective for not filing a notice of appeal. In the Reply, Defendant wrote that "Upon discussing with attorney immediately after sentencing, Defendant asked attorney to file a timely appeal, [but] the defendant's attorney talked defendant out of not filing on his behalf, . . . ." It cannot be ineffective assistance of counsel to fail to file a notice of appeal when the client has been talked out of it. While it is *per se* ineffective assistance to fail to appeal when the client requests it, it could not be ineffective assistance to talk a client out of an appeal unless there was some prejudice, i.e., that the client had an exceptionally good claim on appeal which was thereby forfeited. Defendant does not now say what claims he would have raised on appeal, but merely that this Court should have interpreted his Reply as a request to amend to assert ineffective assistance by failure to appeal. The judgment should not be reopened for that purpose. When Defendant wanted to file new claims, he new how to do so well prior to final judgment in the case.

In his Objections, Mr. Walker now claims that, because of the rule for liberal construction of *pro se* pleadings, the Court should have construed the word "not" somehow construed out of his report

3

on his post-sentencing conversation with his attorney. That is, he now asserts he did tell his lawyer to file an appeal, despite having claimed earlier that his lawyer talked him out of it. This is rather blatant reconstruction of the pleadings to overcome an adverse finding. The Court should not now reopen the judgment to permit Mr. Walker to allege he asked for an appeal when he plainly said before (and also before the statute of limitations on § 2255 relief had run) that he had been talked out of one.

### Reopening to Grant an Evidentiary Hearing

Defendant claims that he should have been granted an evidentiary hearing because "the vast majority of the constitutional deprivations raised by defendant's motion under § 2255 pertain to matters which are not of record (or not fully of record) in the district court, such as the advice petitioner obtained from his counsel. . . ." (Doc. No. 982 at 6). However, the three grounds for relief which were properly before the Court and which were decided in the Decision and Entry do not depend on material outside the record. Defendant is not entitled to a hearing on any of those claims.

### Motion to Amend

Defendant includes in his Motion a request to amend to add a claim of ineffective assistance of counsel for failure to file a notice of appeal. For the reasons set forth by Judge Rice in the Decision and Entry, to wit that such an amendment would be futile because the statute of limitations has run, the Motion to Amend should be denied. *See Mayle v. Felix*, 545 U.S. 644 (2005).

In his Objections, Mr. Walker cites authority from both the Sixth and Second Circuits which purports to allow amendments to be made by Rule 59 or Rule 60 proceedings. (Objections, Doc. No. 984, at 13, *citing Morse v. McWhorter*, 290 F. 3d 795 (6th Cir. 2002); *Ching v. United States,* 298 F. 3d 174 (2nd Cir. 2002); and *Chang v. United States*, 250 F. 3d 79 (2nd Cir. 2001).)  *Morse v.*

4

*McWhorter* is not a habeas corpus or § 2255 proceeding, so allowing an amendment at the Rule 59 or 60 stage does not implicate the successive petition problem which arises in the habeas corpus context, to wit, the prohibition on subsequent petitions without prior permission of the court of appeals. However, in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* and *Mayle v. Felix* are both United States Supreme Court decisions later in time than any authority cited by Defendant.

**Conclusion**

It is accordingly respectfully recommended that Defendant's Motion to Alter or Amended the Judgment be denied.

December 6, 2006.

                                                     s/ Michael R. Merz
                                       Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate

Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).